No. 24-2164

# In The United States Court of Appeals For The Fourth Circuit

JOHN MEDAGLIA, III

*Plaintiff-Appellant*

v.

ALLENDALE POLICE DEPARTMENT AND
CHIEF WIGGINS, also known as
LAWRENCE WIGGINS

*Defendants-Appellees*

On Appeal from The United States District
for The Southern District of South Carolina,
Aiken Division
Civil Action No. 1:24-CV-00533

**INFORMAL BRIEF OF APPELLANT
JOHN MEDAGLIA, III**

JOHN MEDAGLIA, III. Plaintiff, *Pro Se*
4029 Sorensten Dr.
Aiken, SC  29803
(774) 321-5596
Email:  firstamendmentprotectionagency@gmail.com

# JURISDICTION

This Court has jurisdiction over this appeal by Appellant-Plaintiff John Medaglia, III v. Appellees-Defendants Allendale Police Department and Chief Wiggins also known as Lawrence Wiggins, per 28 U.S.C. §158 (d)(1), which states that "The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section.

The United States District Court Southern District of South Carolina-Aiken Division issued their Final Judgment on 11/5/2024, docketed the same on 11/5/2024.

On 11/18/24, Appellant, John Medaglia, III, subsequently, timely filed his Notice of Appeal to the honorable 4th Circuit Court of Appeals.

## ISSUES FOR REVIEW

**ISSUE 1 The District Court erred in deciding probable cause when it ignored clearly established state law.**

**Supporting Facts and Argument**

In the case at bar, Appellant Medaglia was engaged in First Amendment protected activity in a public forum, a South Carolina post office. Appellant video recorded for several minutes inside the lobby area of the post office without incident. A customer arrived in the post office and

1

objected to the filming by Appellant. Thereafter the post office employee called the police. Appellee Wiggins suggested that although

Appellant had every right to record, if the post office employee wanted him to leave she should ask him to go and he would have to leave or be arrested for trespass. Appellee Wiggins then gave Appellant a chance to avoid arrest by continuing his filming activities outside the building. Appellant declined to remove himself outside the post office. Appellant was arrested and charged with trespass under SC Code §16-11-620 (2023)[1] Entering premises after warning or refusing to leave on request.

Appellee Wiggins is imputed to know the laws that he is enforcing. As Chief of Police of Allenton, South Carolina, he knew or should have known that Appellant was present on public property and that SC Code

---

[1] **SC Code § 16-11-620 (2023)**-"Any person who, without legal cause or good excuse, enters into the dwelling house, place of business, or on the premises of another person after having been warned not to do so or any person who, having entered into the dwelling house, place of business, or on the premises of another person without having been warned fails and refuses, without good cause or good excuse, to leave immediately upon being ordered or requested to do so by the person in possession or his agent or representative shall, on conviction, be fined not more than two hundred dollars or be imprisoned for not more than thirty days."

2

§16-11-620 applies to private property. The US Post Office is not an exception to the statute.

Appellant was on public property engaged in Constitutionally protected activity, video recording in public, and was arrested for trespass after refusing to cease filming or change his location to outdoors.

Appellee Wiggins simply retaliated against Appellant for filming in public in an area and a time where Appellant had a right to be.

Appellant was criminally charged and prevailed on the malicious criminal action in trial at Allendale Municipal court.[2] The trespassing charge was dismissed as the statute does not apply to public buildings, i.e. no probable cause to justify Appellant's trespassing arrest.

It has been established in South Carolina for well over 50 years that the trespassing statute *does not* apply to public buildings. In its decision in *State v. Hanapole*, 255 S.C. 258, 178 S.E.2d 247 (1970), the South Carolina State Supreme Court ruled that Section 16-11-620 applies only to ***private property*** and has no applicability to public property. In that case, the Court further stated that since the trespass statutes "...applies

---

[2] Case Number/Charge 8102P0919550/ Trespassing/Entering Premises after Warning and Refusing to Leave on Request.

3

only to private property, a conviction thereunder for an alleged trespass upon public property is not warranted and cannot be sustained." Ibid.

Here, the lower court relied upon case law from an Eighth Circuit district court[3] to decide that Appellant could be trespassed from a public building in South Carolina. Naturally, decisions regarding Missouri trespassing laws in the state of Missouri, are wholly inapplicable to rulings rendered in the state of South Carolina.

The lower court based the entirety of the probable cause portion of its order on a misunderstanding of trespass laws in the state of South Carolina. Therefore, the lower court got the law wrong and improperly found probable cause when none existed. Additionally, with no probable cause for the arrest, Appellant did in fact plead a *prima facie* case of First Amendment Retaliation, Illegal Search and Seizure under the Fourth Amendment, and Malicious Prosecution as detailed in his brief complaint and as evidenced in the Youtube video.

## RELIEF REQUESTED

Appellant-Plaintiff John Medaglia, III, requests that this honorable court, in the interests of justice, reverse the dismissal of his suit and

---

[3] *Gibson v. Hadzic*, No. 4:22-CV-00163-SPM, 2023 U.S. Dist. LEXIS 170315, at *11-14 (E.D. Mo. Sep. 25, 2023)

4

remand permitting the *pro se* Plaintiff opportunity and reasonable time to amend his complaint, complete and assess discovery, and proceed in litigating this matter on the merits.

Respectfully Submitted,

/s/ *John Medaglia, III*
John Medaglia, III. *Pro Se* Appellant-Plaintiff
4029 Sorensten Dr.
Aiken, SC  29803
(774) 321-5596
firstamendmentprotectionagency@gmail.com

## **CERTIFICATE OF SERVICE**

I certify that on December 16, 2024, the foregoing document was served via email service for all Defendants/Appellees upon the following:

E. Mitchell Griffith (Fed ID #2469)
600 Monson Street
PO Drawer 570
Beaufort, SC 29901
843-521-4242
843-521-4247 (fax)
mgriffith@griffithfreeman.com

Appellant also certifies that on December 16, 2024, the foregoing instrument was filed electronically to the Clerk of the United States Court of Appeals for the Fourth Circuit, ECF/CM system.

/s/ *John Medaglia, III*
JOHN MEDAGLIA, III
APPELLANT/PLAINTIFF