No. 24-2164

# In The United States Court of Appeals For The Fourth Circuit

---

JOHN MEDAGLIA, III

*Plaintiff-Appellant*

v.

ALLENDALE POLICE DEPARTMENT AND CHIEF WIGGINS, also known as LAWRENCE WIGGINS

*Defendants-Appellees*

---

On Appeal from The United States District for The Southern District of South Carolina, Aiken Division
Civil Action No. 1:24-CV-00533

---

**INFORMAL REPLY BRIEF OF APPELLANT JOHN MEDAGLIA, III**

---

JOHN MEDAGLIA, III. Plaintiff, *Pro Se*
4029 Sorensten Dr.
Aiken, SC  29803
(774) 321-5596
Email: firstamendmentprotectionagency@gmail.com

## INTRODUCTION

In Defendant/Appellee's Informal Response Brief they essentially argue that (1)[1] Appellant cited a 1970 case from the South Carolina Supreme Court regarding the trespass statute that was invalidated by its current Code of Laws adopted in 1976, (2)[2] Appellant failed to preserve the issue of the unlawful arrest for appeal when he failed to object to the Magistrates Report with specificity, (3)[3] because the post office had a posted policy against disturbances, a reasonable officer would perceive that probable cause existed to arrest Appellant for another crime, i.e. trespassing, (4)[4] probable cause could exist to arrest in the post office because other statutes in South Carolina address public venues, i.e. South Carolina Codes 16-11-530, 16-11-625, and 16-11-630. Appellant addresses each point in turn in his following argument.

## ARGUMENT

Succinctly, the Appellees argue as set forth in point (4) in their brief that although Appellant was arrested and tried for trespassing under S.C. Code 16-11-620, he could also have been subject to arrest as the officer had probable cause to believe Appellant's conduct was in violation of additional trespassing statutes: S.C. Code 16-11-530, 16-11-625, and 16-11-630. However, upon any level of inspection of the codes, there is

---

[1] Doc: 13-1 Appellee's Informal Response Brief, p. 6
[2] Doc: 13-1 Appellee's Informal Response Brief, pp. 6-7
[3] Doc: 13-1 Appellee's Informal Response Brief, pp. 8-10
[4] Doc: 13-1 Appellee's Informal Response Brief, p. 9

1

simply no general trespass statute to be found in the South Carolina Codes for a public property that is also open to the public during ordinary business hours.

Specifically, S.C. Code 16-11-530 is an express exception to the private property requirement in South Carolina Code Title 16 Chapter 11 and delineates trespassing at a public school. Even though public school land is owned by a political subdivision, it lacks the hallmarks which attend other property of the public. It is not devoted to the use of the entire public nor is there a universal right of access to it. *See In the Interest of Joseph B.*, 278 S.C. 502, 299 S.E.2d 331 (1983).

The next express exception to the private property requirement is S. C. Code 16-11-625 and delineates trespassing at a public library in which a person who violates a criminal law or the library's Code of Conduct, must receive a written warning not to enter the library which they can appeal, after which if a person enters the library they could then be arrested for a violation of this code.

The final express exception to the private property requirement is 16-11-630 and delineates a person being on public property *after hours or when it is closed to the public*, must be asked to leave, and if they refuse can be arrested.

Quite tellingly, a trespass exception for the post office does not exist in South Carolina Code and the Appellee has again failed to point to any.

2

In point (3) Appellees conflate a public disturbance with lawful photography and filming. The former being a crime and the latter being a constitutionally protected right. The post office does indeed post the Code of Federal Regulations in each office. In 39 CFR § 232.1(e)[5], disturbances which prevent the public or the post office workers from conducting normal business are prohibited, while CFR § 232.1(i)[6], explicitly allows filming in all lobbies, foyers, corridors, etc. and i.e., exactly where Appellant was when he was arrested for filming. Appellees argument regarding the disturbance contention is therefore misplaced.

In point (2) Appellees claim that Appellant failed to preserve the issue of the unlawful arrest for appeal when he failed to object to the Magistrates Report with specificity. This case is not complex, as shown in Appellant's Informal Opening Brief, there is essentially one issue which will highlight all the rights violations, and that is the lack of probable case for arrest. Appellant in his Objection to Reports and Recommendations[7], states that Appellant was in a public building during normal

---

[5] 39 CFR § 232.1(e), **Disturbances.** Disorderly conduct, or conduct which creates loud and unusual noise, or which impedes ingress to or egress from post offices, or otherwise obstructs the usual use of entrances, foyers, corridors, offices, elevators, stairways, and parking lots, or which otherwise tends to impede or disturb the public employees in the performance of their duties, or which otherwise impedes or disturbs the general public in transacting business or obtaining the services provided on property, is prohibited.

[6] CFR § 232.1(i), **Photographs for news, advertising, or commercial purposes.** Except as prohibited by official signs or the directions of security force personnel or other authorized personnel, or a Federal court order or rule, photographs for news purposes may be taken in entrances, lobbies, foyers, corridors, or auditoriums when used for public meetings. Other photographs may be taken only with the permission of the local postmaster or installation head.

[7] Entry Number 30, District Court of South Carolina 1:24-cv-00533-MGL-SV

business hours simply expressing his First Amendment rights and therefore could not be trespassed. Further, this issue of law will be reviewed *de novo*.

The appellate court reviews a trial court's findings of fact for clear error, and findings of law *de novo*. See *United States v. Bursey*, 416 F.3d 301, 306 (4th Cir. 2005). Therefore, the standard of review for the issue of probable cause is *de novo*.

Finally, in point (1) of Appellees brief, Appellees assert that "*State v. Hanapole*, 255 S.C.258,178 S.E.2d 247 (1970)", a case cited by Appellant in his Opening Brief is no longer good law and therefore wholly inapplicable. Appellee's reasoning in support is improperly based on the fact that the statutes in South Carolina were re-codified in 1976.

Appellees also cite to state cases from Illinois regarding its own state statutes. Even assuming arguendo that cases addressing state statutes from Illinois could be persuasive, Appellees cite *People v. Wigginton*[8] a case that is only authorized to be quoted under the limited circumstances enumerated in Illinois Supreme Court Rule 23 (e) (1)[9]. Further

---

[8] *See People v. Wigginton* 2024 IL App (4th) 230285-U.

[9] *Rule 23 - Disposition of Cases in the Appellate Court*, Ill. Sup. Ct. R. 23 (e)Effect of Orders. (1) An order entered under subpart (b) or (c) of this rule is not precedential except to support contentions of double jeopardy, *res judicata*, collateral estoppel or law of the case. However, a nonprecedential order entered under subpart (b) of this rule on or after January 1, 2021, may be cited for persuasive purposes. When cited, a copy of the order shall be furnished to all other counsel and the court. (2) An order entered under subpart (b) of this rule must contain on its first page a notice in substantially the following form:
NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

should they choose to use such orders persuasively, are under obligation to include a copy of the order to the court and all other counsel with its notice intact on the first page, stating that is *not precedent.*

Even if it were precedent in Illinois or any of the other states Appellees refer to, Federal Courts can look only to the forum state's highest court for statutory interpretation. In the assessment of state law Federal Courts must "rely on the interpretation of the offense rendered by the courts of the state in question. *See United States v. Winston*, 850 F.3d 677, 684 (4th Cir. 2017). Thus, South Carolina law controls the inquiry here. *See United States v. Croft*, 987 F.3d 93 (4th Cir. 2021). Therefore, Appellees were wholly mistaken in their reliance upon multi-jurisdictional sources and such sources should be properly disregarded in the instant analysis.

///

///

///

///

///

///

///

///

///

5

The trespass statute in South Carolina is substantively identical throughout history, and merely the numbering of the statute[10] updated in 1976 from "Section 16-388 of the 1962 Code" to "S.C. 16-11-620". The court in *Hanapole* analyzed the trespassing statute 16-388 (now 16-11-620) concluding that in opposite to Appellee's contentions, it is applicable only to private property.

"In its decision in *State v. Hanapole*, 255 S.C.258,178 S.E.2d 247 (1970), the State Supreme Court ruled that Section 16-11 -620 applies only to private property and has no applicability to public property. In that case, the Court further stated that since the trespass statutes "...applies only to private property, a conviction thereunder for an alleged trespass upon public property is not warranted and cannot be sustained." Ibid." Opinion clarifying the laws governing trespass in this State as they relate to public library buildings, including the State Library. (*South Carolina Office of the Attorney General,* 2009)

There is simply no doubt under South Carolina law that the trespassing statutory scheme is only applicable to private property with the express aforementioned statutory exceptions listed.

///

---

[10] The section number of a statute published in the current 1976 *South Carolina Code Annotated* contains three numbers corresponding to its location in the *South Carolina Code Annotated* by title, chapter and section in that order, e.g. TITLE-CHAPTER-SECTION or 41-10-50 or 16-3-50. Statutes published in the 1962 and 1952 versions of the South Carolina Code Annotated were arranged by title and section numbers only. Prior to the 1952 Code, South Carolina statutes were organized by section numbers within the Civil (Civ. C) and Criminal (Cr. C.) Codes.

6

## CONCLUSION

As demonstrated in this reply, Appellee's Brief has disingenuously and inaccurately portrayed South Carolina Code as ambiguous and invalid in relation to its private property prerogative. S.C. Code 16-11-620 by its terms prohibited Appellant from being charged or convicted for trespassing on public property, further 39 CFR § 232.1(i) did not restrain Appellants right to record in a public area of the post office, nor did 39 CFR § 232.1(e) prohibit the same.

Wherefore, Appellant prays that this case be remanded back to the District Court for further proceedings and a decision on the merits.

                          Respectfully Submitted,

                          /s/ *John Medaglia, III*

                          John Medaglia, III. *Pro Se* Appellant-Plaintiff

                          4029 Sorensten Dr.

                          Aiken, SC  29803

                          (774) 321-5596

                          Email: firstamendmentprotectionagency@gmail.com

## **CERTIFICATE OF SERVICE**

I certify that on January 9, 2025, the foregoing document was served via email service for all Defendants/Appellees upon the following:

E. Mitchell Griffith (Fed ID #2469)
600 Monson Street
PO Drawer 570
Beaufort, SC 29901
843-521-4242
843-521-4247 (fax)
Mgriffith@griffithfreeman.com

Appellant also certifies that on January 9, 2025, the foregoing instrument was filed electronically to the Clerk of the United States Court of Appeals for the Fourth Circuit, ECF/CM system.

                                            /s/ *John Medaglia, III*
                                            JOHN MEDAGLIA, III
                                            APPELLANT/PLAINTIFF